UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **J&J SPORTS PRODUCTIONS, INC.** | **CIVIL ACTION** |
| **VERSUS** | **NO. 14-992** |
| **PEREZ-DELAROSA, LLC, ET AL.** | **SECTION I** |

## ORDER & REASONS

Before the Court is a motion[1] for default judgment filed by plaintiff, J&J Sports Productions, Inc. ("J&J"). For the following reasons, the motion is **GRANTED**.

## BACKGROUND

According to the facts alleged in the complaint, which are deemed admitted,[2] plaintiff acquired the right to distribute "Floyd Mayweather Jr. v. Miguel Cotto, WBA World Light Middleweight Championship Fight Program" ("the Program"), which was scheduled to be transmitted on May 5, 2012.[3] On that date, defendants "did unlawfully intercept, receive, publish, divulge, display, and/or exhibit the Program at time of its transmission at . . . Jalapenos', [a] commercial establishment located at 10210 Jefferson Highway, River Ridge, Jefferson Parish, Louisiana."[4] This unauthorized action "by each of the defendants was done wilfully and for purposes of direct and/or indirect commercial advantage and/or private financial gain" and violated 47 U.S.C.

---

[1] R. Doc. No. 16.
[2] *See Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975) ("The defendant, by his default, admits the plaintiff's well-pleaded allegations of fact . . . . A default judgment is unassailable on the merits but only so far as it is supported by well-pleaded allegations, assumed to be true.").
[3] R. Doc. No. 1, ¶ 19.
[4] R. Doc. No. 1, ¶ 22.

1

§§ 553 and 605, and 18 U.S.C. §§ 2511 and 2520.[5]

According to the affidavit of Joseph Gagliardi, president of J&J, plaintiff marketed the exhibition rights for the Program to commercial customers such as casinos, racetracks, bars, restaurants, and nightclubs.[6] Plaintiff provided to auditors and law enforcement agencies a confidential list of customers who had paid the requisite license fee.[7] The fee varied depending on the capacity of the venue, which was determined according to the maximum occupancy allowed by the fire code.[8]

According to the affidavit of Curtis Giese ("Giese"), one of plaintiff's auditors, Giese visited Jalapeno's on the night of the Program, where he observed the Program playing on two television sets,[9] notwithstanding the fact that defendants had not paid the fee required to access the Program.[10] Giese spent approximately nine minutes at the venue, during which time the crowd was seven people.[11] He estimated the total capacity to be approximately 80 people.[12] Based on this estimate, the fee for Jalapeno's to lawfully access the Program would have been $2,200 (for a capacity of 0 to 100 people).[13]

## LAW AND ANALYSIS

Despite being served,[14] defendants failed to answer plaintiff's complaint, and the Clerk of

---

[5]R. Doc. No. 1, ¶¶ 23, 24, 32.
[6]R. Doc. No. 16-7, at 2.
[7]R. Doc. No. 16-7, at 2-3.
[8]R. Doc. No. 16-7, at 3.
[9]R. Doc. No. 16-6, at 1.
[10]R. Doc. No. 16-7, at 3.
[11]R. Doc. No. 16-6, at 1.
[12]R. Doc. No. 16-6, at 1.
[13]R. Doc. No. 16-7, at 3; R. Doc. No. 16-11, at 2.
[14]R. Doc. Nos. 5-7.

Court entered a default against them on September 25, 2014.[15] *See* Fed. R. Civ. P. 55(a). Plaintiff moved for a default judgment on November 10, 2014,[16] and defendants have not filed any response. Although Rule 55(b)(2) of the Federal Rules of Civil Procedure provides that the Court may hold an evidentiary hearing on this motion, plaintiff does not request a hearing and no hearing is necessary.

Accepting as true the allegations of fact in the complaint, the Court finds that plaintiff has sufficiently established that defendants willfully, and for purposes of direct or indirect financial gain, received or intercepted the Program. However, plaintiff is unable to demonstrate whether defendants received or intercepted a communication traveling through the air via radio, which violates 47 U.S.C. § 605(a), or received or intercepted a cable communication, which violates 47 U.S.C. § 553. There is a "clear demarcation" between these statutes. *See J&J Sports Prods., Inc. v. Mandell Family Ventures, L.L.C.*, 751 F.3d 346, 352-53 (5th Cir. 2014) (explaining that "§ 605 deals with communications traveling through the air (via radio), and § 553 covers communications traveling over cable wire") (internal quotation marks and alterations omitted).[17]

Plaintiff's inability to prove whether the Program was intercepted via cable or air is attributable to defendants' failure to respond to this lawsuit and to engage in discovery. Accordingly, because plaintiff has established that defendants violated either one statute or the other, and because plaintiff cites the penalty provisions of § 553,[18] the Court finds it appropriate to enter a default

---

[15] R. Doc. No. 10.
[16] R. Doc. No. 16.
[17] Other than citing 18 U.S.C. §§ 2511 and 2520 once in its memorandum in support, R. Doc. No. 16-2, at 3, plaintiff does not articulate its entitlement to a default judgment with respect to its claims pursuant to those statutes. Accordingly, the Court declines to enter a default judgment with respect to such claims.
[18] R. Doc. No. 16-2, at 5.

judgment on plaintiff's claim pursuant to § 553. *See G&G Closed Circuit Events LLC v. Rival Sports Grill LLC*, 2014 WL 198159, at *3 (W.D. La. Jan. 14, 2014) (entering default judgment on the plaintiff's § 553 claim instead of the § 605(a) claim where the plaintiff did not identify whether defendants obtained the program via cable or satellite and only addressed damages pursuant to § 553).

The Court turns to the issue of damages. In its motion, plaintiff invokes its right to statutory damages pursuant to § 553[19] and it seeks "an appropriate amount of money."[20] Section 553 provides for "statutory damages for all violations involved in the action, in a sum of not less than $250 or more than $10,000 as the court considers just." 47 U.S.C. § 553(c)(3)(A)(ii).

In determining statutory damages in similar cases, courts have adopted several different approaches. *See Joe Hand Promotions, Inc. v. Bonvillain*, No. 13-4912, 2013 WL 5935208, at *2-3 (E.D. La. Nov. 5, 2013) (Africk, J.) (summarizing methods and explaining that courts have imposed a flat sum, calculated damages based on the number of patrons in the establishment, or based damages on the licensing fee for a legal broadcast).[21] In this case, the license fee proportional to the size of the establishment would have been $2,200,[22] but "[t]here would be no incentive to cease the violation if the penalty were merely the amount that should have been paid." *Entm't by J&J, Inc. v. Al-Waha Enters., Inc.*, 219 F. Supp. 2d 769, 776 (S.D. Tex. 2002) (quoting *Entm't by J&J Inc.*

---

[19]R. Doc. No. 16-2, at 5, 8.
[20]R. Doc. No. 16, at 2.
[21]The Court finds it appropriate to rely on cases examining statutory damages pursuant to both § 553 and § 605 because the remedial provisions of those two statutes are similar. *See Charter Commc'ns Ent'mt I, DST v. Burdulis*, 460 F.3d 168, 170 n.2 (1st Cir. 2006) (explaining that the remedies under the two statutes are similar, although § 605 has higher total penalties and mandatory attorney's fees).
[22]R. Doc. No. 16-7, at 3; R. Doc. No. 16-11, at 2.

*v. Nina's Rest. & Catering*, No. 01-5483, 2002 WL 1000286, at *3 (S.D.N.Y. May 9, 2002)). This Court has previously awarded statutory damages in the amount of "approximately twice what the license fee would have been." *See Bonvillain*, 2013 WL 5935208, at *2. Accordingly the Court finds that $4,000 is a just amount under the circumstances.

Furthermore, "[i]n any case in which the Court finds that the violation was committed willfully and for purposes of commercial advantage or private financial gain, the court in its discretion may increase the award of damages . . . by an amount of not more than $50,000." 47 U.S.C. § 553(c)(3)(B).[23] The complaint and evidence submitted with the motion for entry of default judgment support the application of this subsection. The Court finds, however, "no evidence that [defendants] demanded a cover charge of their patrons, charged a premium for the food and drink they sold during the broadcast, or have repeatedly intercepted programs."[24] *J&J Sports Prods. Inc. v. Kuo*, No. 07-75, 2007 WL 4116209, at *5 (W.D. Tex. Nov. 15, 2007). Taking into account the evidence set forth in the record, the very small number of patrons present at the establishment during the Program, the need to deter violations of the law, and the willful nature of the violation at issue here, the Court concludes that enhanced damages are warranted in the amount of an additional $4,000, which reflects twice the statutory damages and which is approximately twice the license fee for the establishment.

Finally, plaintiff seeks to recover attorney's fees, which are discretionary pursuant to § 553. *See* 47 U.S.C. § 553(c)(2)(C) ("The court may . . . direct the recovery of full costs, including

---

[23]As noted above, plaintiff cites the remedial framework in 47 U.S.C. § 553. R. Doc. No. 16-2, at 5. Even if the Court instead awarded damages pursuant to 47 U.S.C. § 605(e), which authorizes a higher maximum statutory damage award for willful violations, the Court would award the same amount of enhanced damages.

[24]*See* R. Doc. No. 12-5.

5

awarding reasonable attorneys' fees to an aggrieved party who prevails.") (emphasis added); *see also Burdulis*, 460 F.3d at 170 n.2 (explaining that "an award of attorneys' fees is mandatory for any violations of § 605(a), in contrast to discretionary awards under § 553(c)(2)(C)"). The Court declines to award fees or costs because of insufficient support in the record. *See Rival Sports Grill LLC*, 2014 WL 198159, at *5 (declining to award attorney's fees pursuant to § 553 "because of insufficient support in the record").

## CONCLUSION

For the foregoing reasons,

**IT IS ORDERED** that plaintiff's motion for default judgment is **GRANTED** as to plaintiff's 47 U.S.C. § 553 claim, and that judgment is entered in favor of plaintiff and against defendants in the amount of $8,000.

**IT IS FURTHER ORDERED** that plaintiff's other claims are **DISMISSED WITH PREJUDICE**.

New Orleans, Louisiana, March 31, 2015.

_____
**LANCE M. AFRICK**
**UNITED STATES DISTRICT JUDGE**